DAVID AZAR
CA Bar No. 218319
dazar@milberg.com
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
280 S. Beverly Drive, Suite PH
Beverly Hills, California 90212
Tel:   213-617-1200

JARED H. BECK
CA Bar No. 233743
ELIZABETH LEE BECK
CA Bar No. 233742
jared@beckandlee.com
elizabeth@beckandlee.com
**BECK & LEE TRIAL LAWYERS**
8306 Mills Drive, #248
Miami, Florida 33183
Tel:   305-234-2060

***Counsel for Plaintiff and Putative***
***Class***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA MURRAY, on Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendant. | CASE NO.:  _____ <br><br><br> **CLASS ACTION COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** |

PAULA MURRAY ("Plaintiff") on behalf of herself and all others similarly situated (the "Class" or "Class Members"), by and though undersigned counsel, hereby files this Class Action Complaint and Demand for Jury Trial against Defendant, SAMSUNG ELECTRONICS AMERICA, INC. ("Samsung"), and in support thereof, alleges as follows based on personal knowledge as to her own acts and upon information and belief as to all other allegations:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because at least one member of the proposed class is a citizen of a state different from Samsung, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, the proposed class consist of more than a hundred members, and none of the exceptions under this subsection apply to this action.

2.      This Court has personal jurisdiction over Samsung because it conducts substantial business in California, have had systematic and continuous contacts with California, and have agents and representatives in California.

3.      Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in and emanated out of this District: Samsung's conduct has injured putative Class Members in this District, where Samsung transacts business and maintain offices.  Accordingly, this Court has jurisdiction over this action and venue is proper in this District.

## INTRODUCTION

4.      Plaintiff files this action on her own behalf and on behalf of a proposed class of consumers who bought kitchen appliances designed and manufactured by Samsung and sold under the Samsung brand name through authorized resellers. These relevant kitchen appliances, which include refrigerators, ranges, wall range

1

hoods, dishwashers, and microwaves, are all marketed and advertised by Samsung as "fingerprint resistant" "black stainless steel" (the "Class Appliances").

5.      "Black stainless steel" is understood by reasonable consumers to describe a permanent characteristic of the appliance: that it will be black stainless steel for the useful life of the appliances.   Moreover, reasonable consumers understand that "fingerprint resistant" similarly describes a permanent characteristic of the product, and that if it does not, they reasonably expect the description to be expressly qualified. In fact, Samsung fails to disclose the critically important information that its so-called black stainless steel is regular stainless steel with a cheap coating that in a matter of months flakes off, leaving consumers with an unsightly patchwork of regular stainless steel against the yet-to-peel-off black stainless steel (the "Defects").  Samsung charged consumers a premium for the black stainless steel appliances as compared with regular stainless steel. No reasonable consumer would have purchased the appliances, much less paid a premium for them if Samsung had disclosed to them that in a matter of months their "black stainless steel" appliances would be a patchy, inconsistent color. Samsung's kitchen appliances are defective because the coating that Samsung applies starts to peel off after only several months of use, resulting in an unsightly, mis-colored appliance that is also devoid of the advertised  "fingerprint resistant" protection (the "Defect").

6.      Samsung has known of these defects before it started to market its "fingerprint resistant" "black stainless steel" kitchen appliances, but has chosen to not disclose to consumers that the black coating on its appliances peels off after a few months of use, continuing instead to represent the Appliances as "black stainless steel" that is "fingerprint resistant."

7.      Since Samsung began selling the defective Appliances, it has received numerous consumer complaints, including from Plaintiff, relating to the coating peeling off, but has chosen to take no action to repair or replace these defective

*Murray v. Samsung Electronics America, Inc.*
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

kitchen appliances.  On the contrary, Samsung has continued to market them as "fingerprint resistant" "black stainless steel," and to deny warranty service to its customers who complain about the coating peeling off saying that it is a mere "cosmetic issue."

## PARTIES

8.    Plaintiff, Paula Murray, is an individual and citizen of California, who purchased the following supposedly fingerprint resistant Samsung black stainless steel appliances in a Best Buy Co., Inc. ("Best Buy") store in Westminster, California: refrigerator with model number RF23HCEDBSG, a range with model number NX58K9500WG, a range hood with model number NK30K7000WG, and a dishwasher with model number DW80K7050UG.  Plaintiff purchased these products because she saw and believed Samsung's representations that the appliances would be black stainless steel and that they were more fingerprint resistant than regular stainless steel. She reasonably believed that the appliances would maintain their black color, and their fingerprint resistance for the life of the products, and that Samsung's description was not describing temporary characteristics. Had she known this, she would have not purchased the appliances at all, or would have purchased the less expensive stainless steel products instead. Now plaintiff is stuck with unsightly, defective, splotchy-colored appliances that Samsung has refused to fix.

9.    Defendant Samsung Electronics America, Inc. is a New York corporation that maintains its principal place of business at Ridgefield Park, New Jersey.

**FACTUAL ALLEGATIONS**

**I.**   **Samsung's "Black Stainless Steel" Appliances Are Deceptively Marketed and Defective**

10.   Samsung designs, manufactures, produces, develops, markets, and sells a wide variety of home electronics and Class Appliances throughout the United States, both directly and through its authorized dealers, including but not limited to Best Buy.  These products include the black stainless steel kitchen appliances at issue in this action.

11.   People expect modern appliances to last a long time, and, in fact, most do. According to the International Association of Certified Home Inspectors, research and testing has shown that kitchen appliances should be expected to have the following useful life on average:

- Refrigerators: 9-13 years,
- Dishwashers: 9 years,
- Gas ranges: 15-17 years,
- Electric ranges: 13-15 years,
- Microwave ovens: 9 years, and
- Range/oven hoods: 14 years. [1]

12.   Similarly, Consumer Reports, a well-respected, independent organization that tests and rates numerous consumer products including appliances, has said that according to its survey most consumers expect that new major appliances will last 10 years:

> Once you've gone through the hassle of shopping for and installing a new refrigerator, you may find yourself wondering how long will it be before your next fridge fiasco.

[1] https://www.nachi.org/life-expectancy.htm (last accessed October 4, 2021).

4

If you're like the average CR member we've surveyed, you would assume    any new major appliance will last about 10 years. "Consumer expectations across major appliances are remarkably consistent," says Simon Slater, associate director of survey research at CR.

Manufacturers tend to agree. We asked makers of more than 20 brands, and most say their appliances should last about 10 years. (A handful won't say.)[2]

13.    Plaintiff expected that her appliances would last at least 10 years. Samsung's design of its black stainless steel kitchen appliances consists of applying a matte black coating over the appliances, which are made of regular stainless steel. Samsung applies this coating for aesthetic reasons, and to provide the appliances with an additional protection against corrosion,[3] including protection against oil and grease from fingers—the so-called "fingerprint resistance."

14.    The Appliances are uniformly advertised as "black stainless steel" and "fingerprint resistant." For example, the Samsung website advertises the following refrigerator as such:

_____

[2] https://www.consumerreports.org/appliances/how-long-will-your-appliances-last/ (last accessed October 4, 2021).

[3] A "[b]lack Oxide Finish provides many advantages for Stainless steel and other metallic parts. It provides protection from corrosion for the part, as well as from abrasion." *Black Oxide Finish on Stainless Steel Materials*, https://www.materialgrades.com/black-oxide-finish-on-stainless-steel-materials-1702.html (last accessed October 4, 2021).

1
2
3
4
5
6
7
8
9
10
11



12    *See* https://www.samsung.com/us/home-appliances/refrigerators/side-by-side/27-4-

13    cu-ft-side-by-side-refrigerator-with-large-capacity-in-black-stainless-steel-

14    rs27t5200sg-aa/

15        15.    To introduce their black stainless steel kitchen appliances to the

16    American market, Samsung launched a marketing and advertising campaign

17    throughout the United States to promote and differentiate their Appliances by stating

18    that they offer a better resistance to smudges than other appliances due to its

19    fingerprint resistance—while concealing that this so-called resistance has a lifetime

20    of just a few months after consumers start to use the Appliances.

21        16.    Samsung has provided to its authorized dealers, including but not

22    limited to Best Buy, marketing and advertising communications about the

23    characteristics and qualities of Samsung's black stainless steel kitchen appliances,

24    including unqualified statements that they are fingerprint resistant, with the intent

25    that its authorized dealers share and disseminate these communications and

26    statements with consumers, which they have uniformly done.

27
28

17.    Black stainless steel appliances are priced at a premium to normal stainless steel appliances. For example, the black stainless steel appliances purchased by Plaintiff reflect a premium over the stainless steel versions of the same appliances:

|  | Range[4] | Refrigerator[5] | Dishwasher[6] | Range Hood[7] |
|---|---|---|---|---|
| Black SS | $2069.99 | $2799.99 | $849.99 | $1259.00 |
| Plain SS | $1979.99 | $2699.99 | $799.99 | $1169.00 |

18.    The price premium for the black stainless steel is also apparent on Samsung's own website. For example:

(a)    The Samsung StormWash dishwasher costs $809 in black stainless steel, and $719 for the stainless steel version, which is 11% less.[8]

---

[4] https://www.bestbuy.com/site/samsung-5-8-cu-ft-self-cleaning-fingerprint-resistant-slide-in-gas-convection-range-black-stainless-steel/4892503.p?skuId=4892503 (last accessed June 28, 2021).

[5] https://www.bestbuy.com/site/samsung-24-73-cu-ft-4-door-flex-french-door-fingerprint-resistant-refrigerator-black-stainless-steel/4914300.p?skuId=4914300 (last accessed June 28, 2021).

[6] https://www.bestbuy.com/site/samsung-stormwash-24-top-control-built-in-dishwasher-with-autorelease-dry-3rd-rack-42-dba-black-stainless-steel/6361068.p?skuId=6361068 (last accessed June 28, 2021).

[7] https://www.samsung.com/us/home-appliances/cooktops-and-hoods/hoods/30--wall-mount-hood--2018--nk30k7000wg-a2/ (last accessed October 4, 2021).

[8] Compare https://www.samsung.com/us/home-appliances/dishwashers/rotary/stormwash--48-dba-dishwasher-in-stainless-steel-dw80r5060us-aa/ with https://www.samsung.com/us/home-appliances/dishwashers/rotary/stormwash--48-dba-dishwasher-in-black-stainless-steel-dw80r5060ug-aa/ (last accessed June 28, 2021).

(b)    The Samsung 5.8 Cu. Ft. Gas Range costs $1,199 in black stainless steel, and $1,099 in stainless steel, which is 8.3% less.[9]

19.    At the time Samsung started marketing and selling its black stainless steel kitchen appliances, it knew "black stainless steel" and "fingerprint resistant" described temporary characteristics. Samsung knew the Appliances were defective. Samsung's design is flawed because the black coating used to provide fingerprint resistance begins to peel off after a few months of use, leaving the surface of these appliances devoid of additional protection against corrosion, including losing their fingerprint resistance, and completely ruining the aesthetics of the Appliances. However, Samsung decided to not correct its defective design and instead, opted to conceal it from consumers with the intent to increase their sales.

20.    Samsung has continued to market and sell its black stainless steel appliances despite receiving numerous consumer complaints about the short lifetime of the black, fingerprint resistance coating. *See* a selection of consumers' complaints on Samsung and Best Buy's websites:[10]

userSQEuT1pVfsAstronaut                                OPTIONS

12-05-2020 05:34 PM in Kitchen and Family Hub

Is there a class action for Samsung Black stainless steel appliances peeling? My appliances are peeling, im pretty disappointed considering the amount of money i spent. I cant believe how poor quality they are, Samsung should be ashamed of selling low quality products and ripping customers off, its unacceptable and they need to take responsibility.

---

[9] Compare https://www.samsung.com/us/home-appliances/ranges/gas/5-8-cu-ft-freestanding-gas-range-with-convection-in-black-stainless-steel-nx58r5601sg-aa/ with https://www.samsung.com/us/home-appliances/ranges/gas/5-8-cu-ft-freestanding-gas-range-with-convection-in-stainless-steel-nx58r5601ss-aa/ (last accessed June 28, 2021).

[10]    https://us.community.samsung.com/t5/Kitchen-and-Family-Hub/Black-stainless-steel-appliances/td-p/1571598 (last accessed July 20, 2021); https://www.bestbuy.com/site/questions/samsung-flex-duo-5-9-cu-ft-self-cleaning-freestanding-fingerprint-resistant-double-oven-electric-convection-range-black-stainless-steel/9542089/question/15e6097e-fb39-3c12-a6c5-8411088f4ca4 (last accessed July 20, 2021).

1

2

 userpoEjQg9ApiConstellation

3

02-27-2021 03:37 AM in Kitchen and Family Hub

4

Yes...I would also join a lawsuit..I was scammed thousands of dollars!

5

 userzAsZ7q4JdRAstronaut                                      OPTIONS

6

04-19-2021 07:22 AM in Kitchen and Family Hub

7

I am also having this problem, happened within 6 months of owning my new dishwasher. If it is

8

real stainless how on earth can it be peeling? I called and they said it was a cosmetic issue. Lesson
learned.

9

10

 userT0aDMXCwtaAsteroid                                      OPTIONS ⋮

11

04-12-2021 02:35 PM in Kitchen and Family Hub

12

I have a Samsung dual door stove.  Model number NX58K9850SG/AA.  The stove is works great and

13

I could not be happier with it...until yesterday where I noticed the black stainless steel finish is
coming off above the knobs.  To be honest, it's not used that much so I was surprised to notice.

14

Anyone have similar issues and possible fix.  It looks like the areas will get bigger and bigger.  Its a
shame since it's not that old.

15

16

This is a defective product overall.. I have a 1300 Samsung Black Stainless slide in stove... it has completely peeled and the top has
cracked. DEFECTIVE PRODUCT!!

17

Answered by Anonymous 2 years ago

18

 userdr3g7gYTklAstronaut                                      OPTIONS ⋮

19

03-25-2021 08:34 AM in Kitchen and Family Hub

20

We purchased the whole set:  stove, microwave, dishwasher, and refrigerator  a couple years ago

21

and spent thousands to do so thinking Samsung was a great brand and had not only the cosmetic

22

look we were looking for but the aspects of that coating that were wanted as well. We now have 4
items that are all peeling and not working in some fashion or another with Samsung not standing

23

behind any of it. Fridge has peeling and now an icemaker that is malfunctioning, a dishwasher that

24

doesn't wash on half of the bottom rack, big time peeling on the stove, and a microwave that has
peeling around the handle and film over the buttons along with some of the buttons not always

25

working everytime. Very disappointed and would be very interested in joining a suit as it has been
a waste of money to not get what was advertised.

26

Also, the peeling issue started well over a year ago and Samsung said it was not covered as it was

27

just a cosmetic issue.

28

9

*Murray v. Samsung Electronics America, Inc.*
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    I am also having this problem and was told it is not covered under warranty. This company should replace these doors. No one would purchase these items knowing they would peel. Not happy at all.

2    Answered by Sandyr 2 years ago

3     userpoEJQg9ApiConstellation                                      **OPTIONS**

4    **02-27-2021 03:35 AM in Kitchen and Family Hub**

5    omg..my stove and microwave is also peeling.  I paid so much for them.  Samsung won't do

6    anything to replace them....  I regret so bad buying Samsung...My kitchen looks horrible also,

7    Yes yes...., my black stainless steel range starting to peel from under the handle. Barely used !!! This is a rip-off!!

8    Answered by Another 2 years ago

9

10    useraXaDzzNbV1Astronaut                                OPTIONS  ⋮

11   05-09-2021 03:12 AM in Kitchen and Family Hub

12   I too purchased the black stainless fridge and am heartbroken.  It looks just awful and is an

13   embarrassment and should be for Samsung too.  Plastic shrink wrap is not an acceptable appliance

     cover.  Samsung should have taken the time to insure peeling would not happen.  I want a refund

14   or replacement and will hop on the law suit bandwagon as soon as it happens.

15   I am having the same problem with peeling around the control panel on my stove. I am interested in a class action suit if anyone knows of one. This looks horrible and I bought the whole package- stove, fridge, microwave, and dishwasher. Totally unacceptable!!

16   Answered by Mikie 2 years ago

17

18   Same issue here - I will never spend another dollar in best buy or on samsung products again. Hard lesson learned after replacing refrigerator, stove, dishwasher and microwave with black stainless steel samsung garbage. $thousands wasted.

19   Answered by Anthony 2 years ago

20   My Samsung microwave is peeling around the touch pad. I hate the way it looks. Are others have this issues with the microwave? (Model ME21A706MQG)

21   Answered by Pjc1126 1 year ago

22   I have had the same problem with my fridge. Looks very bad. Never will I spend such money on a Samsung product again.

23   Answered by Disappointed 1 year ago

24   My Appliance is around 1 year old and I can't believe after trying to clean my stove range with just warm soapy water it started the Peel off I went with total black stainless steel Samsung probably around $8,000 to do the whole kitchen.. I sure hope they're going to do something about this.

25   Answered by Mike 6 months ago

26   I've the same issue here and bought the entire bundle from Samsung. I think it's a rip off and Samsung should replace those defective parts. I bought it last year only. I'm so disappointed.

27   Answered by Therese 7 months ago

28

---

*Murray v. Samsung Electronics America, Inc.*
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Mine is not even a year old and is also peeling. I am Extremely disappointed.

Answered by Jive 9 months ago

I have a Samsung range and within a year it started to peel can't believe that and it so expensive Cosmetic

Answered by Cuahuc 8 months ago

Same thing mine is doing. Not pleased with answers and quality of this finish. And they still sell it.

Answered by Anonymous 5 months ago

Defective garbage is what Samsung makes. I am having the same problem by the burners and stove handle.

Answered by Anonymous 5 months ago

Same, it's a crime to sell products like this!!

Answered by Anonymous 1 year ago

Samsung has deliberately decided to ignore these complaints alleging that they relate to cosmetic issues, and has adopted a policy denying warranty service to its customers that complain about the peeling off of the fingerprint resistant coating.

**Plaintiff's Experience**

21.    In the spring of 2019, Plaintiff was in the market for a set of new kitchen appliances for their home.  Among other places, she visited a Best Buy store in Westminster, California.

22.    Plaintiff was exposed to Samsung's marketing and advertising communications and statements about the characteristics and qualities of its black stainless steel kitchen appliances.   In particular, Plaintiff was exposed to the following statements:

(a)    "Fingerprint Resistant Refrigerator with CoolSelect Pantry - Black stainless steel";

11

(b)     "Fingerprint Resistant Built-In Dishwasher-Black Stainless Steel - Fingerprint Resistant Black Stainless Steel";

(c)     "Self-Cleaning Fingerprint Resistant Slide-In Gas Convection Range - Black stainless steel"; and

(d)     "Fingerprint resistant Helps reduce smudges for an everyday great appearance".

*See* **Composite Exhibit A**.

23.     After being exposed to the statements above, which Plaintiff reasonably to be believed true and therefore relied upon, she became interested in purchasing Samsung's black stainless steel kitchen appliances for several reasons, including but not limited to their higher resistance to corrosion, fingerprint resistance, and because she wanted the aesthetics of black stainless steel.

24.     Plaintiff paid a premium price for the Appliances, which she believed were quality fingerprint resistant black stainless steel, as advertised, and offered a higher protection against corrosion.  Had the Appliances not been advertised as "fingerprint resistant" or  "black stainless steel," Plaintiff would not have purchased them.

25.     On May 1, 2019, Plaintiff purchased four Class Appliances at said Best Buy store: a refrigerator with model number RF23HCEDBSG, a range with model number NX58K9500WG, a range hood with model number NK30K7000WG, and a dishwasher with  model  number  DW80K7050UG (collectively, "Appliances"). Plaintiff paid a total of $5,843.22 for her Samsung appliances, including tax, delivery and installation charges.  *See* receipt of purchase, attached hereto as **Exhibit B**.

26.     A few months after purchase, the black coating on Plaintiff's Appliances started to peel off, exposing the underlying stainless steel surface,  and transforming  the  black  stainless  steel  appearance  into  an  unsightly  patchwork  of

different colors.  Moreover, the Appliances lost their fingerprint resistance, a major buying point that Samsung expressly advertised and for which it charged a premium:





*Murray v. Samsung Electronics America, Inc.*
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18    27.    On or about September 2020, Plaintiff contacted Samsung to complain

19  that the Appliances were peeling off and seek warranty service.  Samsung claimed

20  that the peeling off of the Appliances was a mere "cosmetic issue" that was not

21  covered under the warranty.

22    28.    Samsung has never notified Plaintiff about the defective coating on the

23  Appliances, nor has it offered any refund or remedial measure.

24              **CLASS ACTION ALLEGATIONS**

25

26    29.    Plaintiff brings this instant action both individually and as a class action

27  pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) against Samsung on behalf

28

of herself and a National Class and a California Subclass (collectively, the "Class") defined as follows:

**National Class**:

During the fullest period allowed by law, all persons in the United States who purchased or otherwise acquired a Samsung-branded appliance advertised as "fingerprint resistant" and/or "black stainless steel."

**California Subclass**:

During the fullest period allowed by law, all persons in the State of California who purchased or otherwise acquired a Samsung-branded appliance advertised as "fingerprint resistant" and/or "black stainless steel."

30.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.  Specifically excluded from the proposed Class is Samsung, its officers, directors, agents, trustees, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Samsung, and its successors, assigns, or other persons or entities related to or affiliated with Samsung and/or its officers and/or directors, or any of them; the Judge assigned to this action, and any members of the Judge's immediate family.

31.    **Numerosity:**  While the exact number of the class members cannot yet be determined, the Class consists, at a minimum, of thousands of people throughout the United States and California, such that joinder of all members (the "Class Members") is impracticable.  The exact number of Class Members can readily be determined by a review of information maintained by Samsung, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and published notice, electronic or otherwise.

15

32. **Commonality:** common questions of law and fact exist as to all of the Class Members and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether they purchased "fingerprint resistant" "black stainless steel appliances" made by Samsung ("Class Appliances");

(b) Whether the Class Appliances were defectively designed, manufactured, marketed, distributed, and sold;

(c) Whether Samsung knew, or should have known, of the defects in the Class Appliances when it placed them into the stream of commerce;

(d) When Samsung first became aware or should have become aware that its Class Appliances were defectively designed and/or manufactured;

(e) Whether the existence of the defects in the Class Appliances is a material fact that reasonable purchasers would have considered in deciding whether to purchase them;

(f) Whether Samsung knowingly concealed the defective nature of the Class Appliances;

(g) Whether Samsung intended that consumers be misled;

(h) Whether Samsung intended that consumers rely on its non-disclosure of the defects;

(i) Whether Samsung misrepresented the durability of the Class Appliances;

(j) Whether, by the misconduct set forth herein, Samsung violated consumer protection statutes and/or false advertising statutes and/or state deceptive business practice statutes;

16

(k)    Whether the Class Appliances are of merchantable quality;

(l)    Whether, by the misconduct set forth herein, Samsung violated express and implied warranty statutes;

(m)    Whether Samsung's false and misleading statements of material facts regarding the Class Appliances were likely to deceive the public;

(n)    Whether consumers have been damaged;

(o)    The nature and extent of damages and other remedies entitled to the Class;

(p)    Whether the Class Appliances are likely to fail before the end of their reasonable expected lives;

(q)    Whether Samsung breached warranties relating to Samsung Class Appliances by failing to recall, replace, repair, and/or correct the defects;

(r)    Whether Samsung breached implied warranties of merchantability relating to the Class Appliances;

(s)    Whether Samsung mispresented the characteristics, qualities, and capabilities of the Class Appliances;

(t)    Whether Samsung omitted, concealed from and/or failed to disclose in its communications and disclosures to Plaintiff and Class Members material information regarding the defects;

(u)    Whether Samsung failed to warn consumers regarding the defects in its Class Appliances;

(v)    Whether Samsung made fraudulent, false, deceptive, misleading, and/or otherwise unfair and deceptive statements in connection with the sale of the Class Appliances in its marketing and advertising materials and on its website, including those relating

17

to standards, use, and reliability and otherwise engaged in unfair and deceptive trade practices pertaining to the appliances;

(w)    Whether Samsung was unjustly enriched as a result of selling the Class Appliances;

(x)    Whether Samsung should be ordered to disgorge all or part of its profits it received from the sale of the Class Appliances;

(y)    Whether Plaintiff and Class Members are entitled to damages including compensatory, exemplary, and statutory damages and the amount of such damages;

(z)    Whether Plaintiff and Class Members are entitled to repair and/or replacement of their respective Class Appliances;

(aa)    Whether Plaintiff and Class Members are entitled to equitable relief, including an injunction requiring Samsung to engage in a recall of the Class Appliances; and

(bb)    Whether Plaintiff and Class Members are entitled to an award of reasonable attorneys' fees, pre-judgment interest, post-judgment interest, and costs.

33.    **Typicality:**  Plaintiff has substantially the same interest in this matter as all other proposed Class Members and their claims arise out of the same set of facts and conduct as all other Class Members.  Plaintiff and all Class Members own or owned a Class Appliance designed and/or manufactured by Samsung with the uniform defects that make the appliances defective upon purchase and causes them to fail within their expected useful lives.  All of the claims of Plaintiff and Class Members arise out of Samsung's placement into the marketplace of kitchen appliances with a fingerprint resistance coating that peels off after a few months of use, leaving their surface exposed to an increased risk of rust and corrosion; Defects that Samsung knew were defective and caused property damage and other losses to

18

consumers and from Samsung's failure to disclose the Defects.  Also common to Plaintiff and Class Members' claims is Samsung's conduct in designing, manufacturing, marketing, advertising, warranting, and/or selling the Class Appliances, Samsung's conduct in concealing the Defects, and Plaintiff and Class Members' purchase of the Class Appliances.

34.    **Adequacy of Representation:**  Plaintiff is committed to pursuing this action and have retained competent counsel experienced in products' liability, deceptive trade practices, and class action litigation.  Accordingly, Plaintiff and her counsel will fairly and adequately protect the interests of Class Members.  Plaintiff's claims are coincident with, and not antagonistic to, those of the other Class Members she seeks to represent.  Plaintiff has no disabling conflicts with Class Members and will fairly and adequately represent the interests of Class Members.

35.    The elements of Rule 23(b)(2) are met.  Samsung continues and will continue to commit the violations alleged in this Complaint and the Class Members and the general public will continue to remain at an unreasonable and serious property and other damages risk as a result of the Defects.  Samsung has refused to act on grounds that apply generally to Class Members so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Classes as a whole.

36.    The elements of Rule 23(b)(3) are met.  Here, the common questions of law and fact enumerated above predominate over the questions affecting only the individual Class Members and a class action is the superior method for fair and efficient adjudication of the controversy.  Although many other Class Members have claims against Samsung, the likelihood that individual Class Members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.  Serial adjudication in numerous venues is not efficient, timely, or proper.  Judicial resources would be unnecessarily depleted by prosecution of individual claims.  Joinder on an individual basis of thousands of claimants in one suit would

be impracticable or impossible. Individualized rulings and judgments could result in inconsistent relief for similarly-situated plaintiffs. Plaintiff's counsel, highly experienced in class action litigation, foresee little difficulty in the management of this case as a class action.

**TOLLING AND ESTOPPEL OF STATUTES OF LIMITATIONS**

37.   The claims alleged herein accrued upon discovery of the defective nature of the Class Appliances. Because the Defects alleged herein were not disclosed by Samsung and because Samsung took steps to either conceal or fail to disclose the true character, nature, and quality of the Class Appliances, Plaintiff and Class Members did not discover and could not have reasonably discovered the Defects through reasonable and diligent investigation.

38.   Any applicable statutes of limitations have been tolled by Samsung's knowledge and actual misrepresentations and/or concealment and denial of the facts as alleged herein, which concealment is ongoing. Plaintiff and Class Members could not have reasonably discovered the true defective nature of their Class Appliances until such time as the Defects manifested by failing in the ways described herein. As a result of Samsung's active concealment of the Defects and/or failure to inform Plaintiff and Class Members of the Defects, any and all statutes of limitations otherwise applicable to the allegations herein have been tolled.

39.   Alternatively, the facts alleged above give rise to estoppel. Samsung has actively concealed the defective nature of the Class Appliances. Samsung was and is under a continuous duty to disclose to Plaintiff and Class Members the true character, quality, and nature of the Class Appliances and particularly that they posed a severe risk of property and other damages. At all relevant times and continuing to this day, Samsung knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the Class

Appliances.  Given Samsung's failure to disclose this non-public information about the defective nature of the Class Appliances—information over which it had exclusive control—and because Plaintiff and Class Members could not reasonably have known that the Class Appliances were thereby defective, Plaintiff and Class Members reasonably relied on Samsung's affirmative and/or ongoing concealment. Based on the foregoing, Samsung is estopped from prevailing on any statute of limitations defense in this action.

40.     Additionally, Samsung is estopped from raising any defense of laches due to its own unclean hands as alleged herein.

## CLAIMS FOR RELIEF

41.     Plaintiff brings the claims set forth in counts I to V individually and on behalf of the National Class under California law.

42.     In the alternative, Plaintiff brings her common law claims in counts I to V individually and on behalf of the California Subclass under California law, and on behalf of all other class members under the laws of the states in which they purchased their Class Appliances; and her legal claims set forth in count III under the California's Consumer Legal Remedies Act individually and on behalf of the California Subclass only.

43.     Should the Court determine that Plaintiff has no adequate legal remedy, Plaintiff brings the claims set forth in counts III to V seeking equitable remedy under California's Unfair Competition Law, False Advertising Law and Consumer Legal Remedies Act individually and on behalf of the California Subclass only.

# COUNT I

## BREACH OF EXPRESS WARRANTIES

44.     Plaintiff re-alleges paragraphs 1 through 43 and incorporates them herein by reference.

45.     In connection with its sale of the Appliances, Defendant expressly warranted in writing prior to purchase by consumers that the Appliances are "black stainless steel" and that they are "fingerprint resistant." As alleged above, these written warranties were made uniformly in any medium that described the Appliances, including on websites, and on product tags and/or advertisements for the Appliances at brick-and-mortar retailers.

46.     The express written warranties covering the Products were a material part of the bargain between Defendant and consumers. At the time it made these express warranties, Defendant knew of the purpose for which the Products were to be used.

47.     Defendant breached the warranty because the Appliances are not "black stainless steel" and are not "fingerprint resistant," and because Defendant improperly and unlawfully denies valid warranty claims, and it has failed or refused to adequately repair or replace the Products with non-defective units.

48.     In addition to these express pre-purchase warranties, Samsung created and extended to potential purchasers an express warranty in connection with every sale, directly or through its authorized resellers, of the Class Appliances.

49.     Under this contract, which Plaintiff and other Class members received with delivery of the Appliances after their purchases, Samsung "warranted [the Class

Appliances] against manufacturing defects in materials and workmanship for a limited warranty period of [] One (1) year[.]" *See* **Composite Ex. C.**[11]

50.     Plaintiff has notified Defendant of the defect on or about September 2020 and asked it to fix the defective, peeling coating. Defendant refused, claiming they are merely cosmetic problems not covered by any Samsung warranty.

51.     Accordingly, Defendant has received timely notice regarding the problems at issue in this litigation, and notwithstanding, Defendant has failed and refused to offer an effective remedy.

52.     Defendant breached its express written warranties to Plaintiff and Class Members in that the Products are defective at the time they leave the manufacturing plant, and on the first day of purchase, and by failing to disclose and actively concealing this risk from consumers.

53.     To the extent that Defendant has limitations, the exclusions in Defendant's Warranty are harsh, oppressive, one-sided, unconscionable, and unenforceable, as described *supra*, particularly in light of the fact that Defendant knew, from its own internal testing of the Appliances, and the numerous complaints on its own website and elsewhere, that the Products were defective.

54.     Any attempt by Defendant to limit or disclaim the express warranties in a manner that would exclude coverage of the defect is unconscionable as a matter of law because the relevant purchase transactions were tainted by Defendant's

---

[11] Composite Exhibit C is warranties contained in the user manuals for Plaintiff's appliances. For the complete manuals, see
https://files.bbystatic.com/qN4sY3KQ2HNf%2FgSYJjN47w%3D%3D/DW80K5050_us_man_EN.20161212195402.pdf (dishwasher),
https://files.bbystatic.com/J4wOS6I9UmJMp8SKvdEtFg%3D%3D/eea436ff-8ce2-4fe2-9a45-b71162b3ac3a.pdf (refrigerator),
https://files.bbystatic.com/%2Bam32n%2FBCJog%2F0duwn%2Fy9w%3D%3D/45bafb49-f773-415f-baee-4c2aa3eef235.pdf (range), and
https://files.bbystatic.com/aS27XQDQ0Ibmq5qBY9ecVg%3D%3D/65e6b254-2925-4380-a341-0dc4178ef2a1.pdf (range hood).

concealment of material facts.  Thus, any such effort to disclaim, or otherwise limit, its liability for the defect is null and void.

55.     Privity is not required because Plaintiff and each of the members of the class are the intended beneficiaries of Defendant's warranties and its sale through retailers.  The retailers were not intended to be the ultimate consumers of the Products and have no rights under the warranty agreements provided by Defendant. Defendant's warranties were designed for and intended to benefit the consumer only and Plaintiff and Class Members were the intended beneficiaries of the Products.

56.     Despite having notice and knowledge of the defective nature of the Products, Defendant failed to provide any relief to Class Members claiming that the defect is a cosmetic issue that is excluded by the warranty and/or stated that the consumer has made a warranty claim after the one-year warranty period expired.

57.     Because Samsung knew of the Defects yet continued to warrant the Appliances as defect-free and to sell them, the one-year limitation and "cosmetic" exclusion asserted in Samsung's warranty is unenforceable.  The limitations are substantially unconscionable, unduly one-sided, and inadequate to provide Plaintiff with the benefit of her bargain given the severity of the defect and the reasonably anticipated effective life of the Appliances.  Plaintiff and Class Members reasonably expected that the Appliances would be free of defects and perform their basic character ("black stainless steel") and function without impediments for significantly longer than one year.  Particularly, Samsung's one-year limitation is overly harsh and void as contrary to public policy because Samsung knew that the Defects would occur a few months after the Class Appliances are used; and engaged in the practice of denying warranty service to purchasers who complained about the Defects, alleging that they were non-covered cosmetic issues.

58.     The one-year limit is also procedurally unconscionable because Samsung knew of the Defects before the Class Members purchased their Class

Appliances, and failed to disclose the Defects to any of them.  Furthermore, Plaintiff had no meaningful choice with regard to the one-year time limit that Samsung imposed unilaterally on its Class Appliances' express warranty.  There was a gross disparity in bargaining power at the point of sale between Plaintiff and Samsung, who decided the terms in its pre-printed warranty form after having exclusive pre-sale knowledge of the Defects and the financial resources to investigate the numerous complaints that were made directly by its customers.  Plaintiff and the Class Members were not made aware of the Defects before purchasing her Class Appliances – specifically, that they were defective at the time of sale and would fail; Plaintiff and the Class Members would have not purchased the Class Appliances, or would not have purchased them at the price they did, had they known of the Defects.

59.    Plaintiff and Class Members have performed all duties required of them under the terms of the express warranty, except as may have been excused or prevented through the conduct of Defendant or by operation of law in light of Defendant's conduct.

60.    As a direct and proximate result of Defendant's breach of its express written warranties, Plaintiff and Class Members have suffered damages and did not receive the benefit of the bargain and are entitled to recover compensatory damages, including, but not limited to the cost of inspection, repair, and diminution in value. Plaintiff and Class members suffered damages at the point of sale stemming from their overpayment for the defective Products, in addition to loss of the Product and its intended benefits.

## COUNT II

## FRAUDULENT CONCEALMENT

61.    Plaintiff re-alleges paragraphs 1 through 43 and incorporates them herein by reference.

62.     Samsung intentionally suppressed and concealed material facts concerning the substandard performance and quality of the Class Appliances. Samsung knew of the Defects before it released the Class Appliances to the public, or, in any case, during the four-year period immediately preceding this action, but failed to disclose the Defects prior to or at the time it marketed and sold the devices to consumers.

63.     Because the Defects are latent in nature, Plaintiff and Class Members had no reasonable means of knowing that Samsung's representations were, and continue to be, false and misleading, or that Samsung failed to disclose the Defects. Plaintiff did not and could not reasonably discovery Samsung´s deception on her own prior to purchase.

64.     Samsung had a duty to disclose the Defects because it was within its exclusive knowledge and would have been important to reasonable potential purchasers in deciding whether to purchase the Class Appliances.  Samsung had superior knowledge and access to the relevant facts, and knew that these facts were neither known to, nor reasonably discoverable by, Plaintiff and Class Members. Samsung also had a duty to disclose the Defects because it made general, partial representations about the characteristics and qualities of the Class Appliances, *i.e.*, that they are fingerprint resistant.

65.     Plaintiff and the Class Members were exposed to Samsung's specific representations about the Class Appliances both before and immediately after purchase, and within the time window in which they could have returned their Class Appliances for a refund.  *See* ¶¶ 14-16, 22, *supra*.

66.     In connection with its ongoing promotion and sale of the Class Appliances, Samsung continues to defraud consumers by purposely concealing material information about the defective nature of the devices.  *See* ¶¶ 19-20, *supra*.

67.     Plaintiff was unaware of the material facts that Samsung has actively omitted and concealed, and would not have acted as she did had Samsung disclosed those facts to her; in particular, had Samsung notified Plaintiff of the Defects, she would not have purchased her Class Appliances, would not have purchased them at the price she did, or would have returned them for a refund during the remorse period.   Hence, Samsung benefitted from the proceeds of sales of the Class Appliances as a result of its nondisclosure.

68.     Plaintiff reasonably relied, to her detriment, upon Samsung's fraudulent misrepresentations and omissions regarding the characteristics and qualities of the Class Appliances, and, specifically, the absence of the Defects in them when deciding whether to purchase her Class Appliances.

69.     As a direct and proximate result of Samsung's deceit and fraudulent concealment, Plaintiff sustained damages, among others, she did not receive the value of the premium price she paid for her Class Appliances.   Had she known of the Defects, Plaintiff would not have purchase those appliances, or would have paid substantially less for them.

70.     For the reasons above and contained in this Complaint, Samsung's acts were done maliciously, oppressively, deliberately, with the intent to defraud, and in reckless disregard of Plaintiff's rights, interests, and well-being, to enrich Samsung. This conduct warrants and assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined at trial and according to proof.

## COUNT III

## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT—EQUITABLE RELIEF ONLY
### (Cal. Civ. Code § 1750, *et seq.* ("CLRA"))

71.     Plaintiff re-alleges paragraphs 1 through 43 and incorporates them herein by reference.

*Murray v. Samsung Electronics America, Inc.*
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

72.    This Count seeks only equitable relief.

73.    Samsung is a "person" within the meaning of Civil Code §§ 1761(c) and 1770, and provided "goods" within the meaning of Civil Code §§ 1761(a) and 1770.

74.    Samsung's acts and practices, as alleged in this complaint, violate the CLRA, Cal. Civ. Code §§ 1770(a)(5), (7), (9), and (19), because they constitute unfair and deceptive acts and practices in connection with transactions (the sale of defective Class Appliances).  This conduct was intended to result and did result in the sale of these goods to consumers, including but not limited to Plaintiff and Class Members.  In particular, Samsung:

    (a)    represented that the Class Appliances have characteristics, uses, and benefits that they do not have;

    (b)    represented that the Class Appliances are of a standard, quality, or grade that they are not;

    (c)    advertised the Class Appliances with the intent not to sell them as advertised; and

    (d)    inserted unconscionable warranty limitations and disclaimers in its contracts with consumers, including but not limited to Plaintiff and Class Members.

75.    As a direct and proximate result of Samsung's conduct, Plaintiff and the Class Members have been harmed because they purchased products they otherwise would not have purchased—either at all or at the premium prices they paid—or that they otherwise have returned for a full refund during their applicable remorse periods.  Meanwhile, Samsung has gained more revenue than it otherwise would have, unjustly enriching itself.

76.    Plaintiff thus seeks equitable relief, reasonable attorneys' fees and costs, declaratory relief, punitive damages, and a permanent injunction enjoining Samsung from engaging in this prohibited conduct.

77.    Pursuant to Cal. Civ. Code § 1782(a), on September 2, 2021, Plaintiff—through her undersigned counsel—has made the demand required under the statute. *See* **Exhibit D**. If Defendant does not meet Plaintiff's demand, Plaintiff intends to amend this complaint to seek money damages pursuant to the CLRA.

78.    Plaintiff's CLRA venue declaration in accordance with Cal. Civ. Code § 1780(b) is attached hereto as **Exhibit E**.

## COUNT IV

## VIOLATION OF THE UNFAIR COMPETITION LAW
### (Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"))

79.    Plaintiff re-alleges paragraphs 1 through 43 and incorporates them herein by reference.

80.    The UCL proscribes acts of unfair competition, including but not limited to "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," Cal. Bus. & Prof. Code § 17200.

81.    Samsung's conduct is unlawful, in violation of the UCL, because it violates California's Song-Beverly Consumer Warranty Act, Consumers Legal Remedies Act, and False Advertising Law.

82.    Samsung's conduct is fraudulent and deceptive in violation of the UCL. Samsung deceived consumers by misrepresenting to consumers on all online advertisements and product descriptions everywhere, including on product-tags at brick-and-mortar retailers, that the Appliances were "black stainless steel," and that they were "fingerprint resistant."    These representations described critically important characteristics of the Appliances and were likely to deceive reasonable

consumers.  As alleged above, Samsung's representations were false and misleading because they failed to disclose that these important advertised characteristics were temporary, and that within a matter of months the Appliances would not be "black stainless steel" or "fingerprint resistant." Plaintiff and Class Members reasonably relied on Samsung's representations and would not have purchased them at all, or at the price they paid, or would have returned them during any applicable return period.

83.    Samsung had enough financial resources and opportunities to alert or otherwise disclose to Plaintiff and other Class Members about the Appliance defects, including but not limited to disclosures through its website or through its authorized resellers onsite and online sales points.  Notwithstanding, Samsung failed to do so even though it had exclusive pre-sale knowledge of the Defects.  Had Samsung disclosed the Defects in the Class Appliances, Plaintiff and Class Members would not have purchased her Class Appliances, would not have purchased them at the price they did, or would have returned them during the purchaser's remorse period.

84.    Samsung had, and continues to have, a duty to disclose to potential purchasers the Defects in the Class Appliances because of its exclusive pre-sale knowledge of the Defects, and because of its unqualified representations about the Class Appliances' quality, characteristics, and properties that did not include any disclosure about their Defects.  Samsung breached, and continues to breach, its duty to disclose and did in fact conceal the Defects with the intent to increase, or at least to avoid a decrease of, its sale of Appliances.

85.    <u>Samsung's conduct is unfair</u> in violation of the UCL because it violates California public policy, legislatively declared in the Song-Beverly Consumer Warranty Act, requiring a manufacturer to ensure that goods it places on the market are fit for their ordinary and intended purposes.  Samsung is the manufacturer of the Class Appliances because it designed, manufactured, produced, and assembled the Class Appliances, and violated the Song-Beverly Act because the Class Appliances

are unfit for their ordinary and intended purpose of black stainless steel, fingerprint resistant appliances.

86.    Samsung engaged in an unscrupulous, oppressive, misleading, and substantially injurious manner, including but not limited to:

        (a)    promoting and selling the Class Appliances it knew were defective;

        (b)    promoting and selling Class Appliances containing defects that caused their premature failure;

        (c)    denying warranty service under allegations that the Defects were mere cosmetic issues;

        (d)    unilaterally imposing an unconscionably short warranty period and refusing warranty service where the Defects manifested outside the warranty period;

        (e)    failing to provide refunds or replace the Class Appliances with defect-free appliances; and

        (f)    minimizing the scope and severity of the Defects, stating that they were mere cosmetic issues.

87.    Samsung's practices of marketing, distributing for sale and/or selling the Class Appliances that it knew were defective, without providing an adequate remedy to cure the Defects, have harmed and continue to harm the public at large, in particular, Plaintiff and the Class Members, and is part of a common and uniform course of wrongful conduct.  Moreover, the harm from Samsung's conduct was not reasonably avoidable by consumers because Samsung did not disclose the Defects, even though Samsung had exclusive pre-sale knowledge about them and especially, after receiving numerous complaints that were directly made by its customers.

88.    Samsung's conduct is also unfair because Samsung could have opted for practices much less oppressive and harmful to the Class Members, practices that

would further its business interests of satisfying and retaining its customers while maintaining profitability, such as conducting adequate product development to analyze potential defects to implement corrective measures, disclosing the defects to prospective purchasers, implementing an effective and permanent fix for the defective Class Appliances, extending the Class Appliances' warranty service time, and offering refunds or defect-free replacements for the Class Appliances to Class Members.  Therefore, Samsung's unfair conduct is so harmful that it outweighs any potential utility.

89.    Samsung's conduct was unlawful, because of the violations of law detailed herein.

90.    Plaintiff and Class Members suffered injury in fact, including lost money or property, as a result of Samsung's unlawful, unfair, fraudulent and deceptive acts and omissions.  Absent Samsung's conduct, as detailed above, Plaintiff and Class Members would not have purchased the Appliances, would not have purchased them at the price they did, and/or would have returned them for a refund during the applicable purchaser's remorse period.

91.    Furthermore, Plaintiff may wish to purchase other Class Appliances in the future.  However, she is impaired from presently doing so in view of her inability to rely on Samsung's statements concerning such appliances.  Plaintiff seeks to enjoin Samsung from further commission of these unlawful, unfair, and fraudulent practices under Cal. Bus. & Prof. Code § 17203.

92.    Accordingly, Plaintiff seeks such orders and/or judgments as may be necessary to enjoin Samsung from continuing its unfair, unlawful, and fraudulent practices, and to restore to Plaintiff any money Samsung gained through its prohibited acts and practices, including restitution, as provided for under the UCL, in addition to reasonable attorneys' fees and costs.

1

2

3

## COUNT V

## VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW
## (Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"))

4

5

93.     Plaintiff re-alleges paragraphs 1 through 43 and incorporates them herein by reference.

6

7

8

9

10

11

12

13

14

94.     Samsung violated the FAL by publicly disseminating misleading and false advertisements, including but not limited to the critically important description of the Appliances as "black stainless steel" online, on the product, and on description tags at brick-and-mortar retailers, including at Best Buy where Plaintiff purchased them. Moreover, Samsung also uniformly advertised online and on product description tags at brick-and-mortar retailers that the Appliances were fingerprint resistant, a material misrepresentation. Neither representation were true because, as alleged above, the Appliances were "black stainless steel" and "fingerprint resistant" only briefly.

15

16

95.     Samsung's misleading and false advertisements were disseminated to increase sales of the Class Appliances.

17

18

96.     Samsung knew or should have known its false advertisements were untrue or misleading.

19

20

21

97.     Samsung publicly disseminated the false advertisements as part of a plan or scheme and with the intent to create a price premium for the Class Appliances.

22

23

24

25

26

98.     Plaintiff and Class Members have suffered harm as a result of these violations of the FAL because: (a) they would not have purchased the Appliances or would not have purchased the Appliances on the same terms if the facts concerning the defective fingerprint resistance coating had been known; and (b) Samsung did not conform to their representations and promises.

27

28

99.    Pursuant to the FAL, Plaintiff and Class Members seek an order of this Court permanently enjoining Samsung from continuing to publicly disseminate misleading and false advertisements as alleged herein.  Plaintiff and Class Members also seek an order requiring Samsung to: (a) make full restitution for all monies wrongfully obtained; and (b) disgorge all ill-gotten revenues and/or profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment and relief against Samsung as follows:

A.    that this Court determine that the above claims may be maintained as a class action and certify the Classes under Fed. R. Civ. P. 23, appointing Plaintiff as Class Representative and her attorneys as Class Counsel to represent the members of the Classes;

B.    that this Court award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff is entitled;

C.    that this Court award pre-judgment and post-judgment interest on such monetary relief;

D.    that this Court declare that the Class Appliances have common defects in their design and/or manufacture;

E.    that this Court issue an order requiring Samsung to provide appropriate disclosure of the defective nature of the Class Appliances, including notifying each and every Class Member of the Defects;

F.    that this Court order Samsung to notify each and every person who purchased Class Appliances of the pendency of the claims in this action in order to give such persons an opportunity to obtain damages and/or restitution from Samsung;

G.     that this Court issue an order requiring Samsung to implement whatever measures are necessary to remedy the violations described in this Complaint, including modifying current marketing and advertising efforts and materials that is false and misleading;

H.     that should this Court determine that there is no adequate legal remedy available to Plaintiff, to grant, in the alternative, appropriate injunctive and declaratory relief as follows:

    i.     to order Samsung to pay restitution to restore to all affected persons all funds acquired by means of any act or practice declared by this Court to be unlawful, unfair, or a fraudulent business act or practice, untrue or misleading labeling, advertising, and marketing;

    ii.     to order Samsung to disgorge all monies wrongfully obtained by Samsung as a result of its acts or practices as alleged in this Complaint;

    iii.     to permanently enjoin Samsung from conducting its business through the unlawful, unfair, or fraudulent business acts or practices, untrue, and misleading labeling and marketing and other violations of law described in this Complaint;

    iv.     to conduct a corrective advertising and information campaign advising consumers that the Class Appliances do not have the characteristics, uses, benefits, and qualities that Samsung has claimed;

    v.     to award pre-judgment and post-judgment interest on such equitable relief;

*Murray v. Samsung Electronics America, Inc.*
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

I.    that this Court award Plaintiff and Class Members their costs and attorneys' fees pursuant to statute, the common fund doctrine, and/or any other appropriate legal theory; and

J.    that this Court grant such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action on all issues so triable.

DATED: October 22, 2021

*/s/ Elizabeth Lee Beck*
Elizabeth Lee Beck

DAVID AZAR
CA Bar No. 218319
dazar@milberg.com
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
280 S. Beverly Drive, Suite PH Beverly
Hills, California 90212
Tel:   213-617-1200

JARED H. BECK
CA Bar No. 233743
ELIZABETH LEE BECK
CA Bar No. 233742
jared@beckandlee.com
elizabeth@beckandlee.com
BECK & LEE TRIAL LAWYERS
8306 Mills Drive, #248
Miami, Florida 33183
Tel:   305-234-2060

***Counsel for Plaintiff and Putative Class***

36